UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAMERON DAVID WYNNE,

                Plaintiff,

   v.

CITY OF SEATTLE, *et al.*,

                Defendants.

Case No. C23-882-RAJ-MLP

ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL AND GRANTING EXTENSION OF TIME

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's request for an extension of time to file his second amended complaint (dkt. # 11), and on his application for court-appointed counsel (dkt. # 12). Plaintiff's two requests for relief are intertwined and the Court addresses them together below.

Plaintiff first requests that he be granted additional time to file his second amended complaint. (Dkt. # 11.) Plaintiff asserts that he did not receive the Court's Order granting him leave to file a second amended complaint until seven days after it was issued, causing him to lose time within which to prepare his second amended complaint. (*Id*. at 1.) Plaintiff further asserts that he is currently awaiting a response from the Seattle Police Department to his public records request seeking the name of the Seattle Police Officer whom he alleges violated his rights. (*Id*.)

Plaintiff indicates that he anticipates a response to his request by October 19, 2023. (*Id*.) Finally, Plaintiff indicates that he desires an extension to see if he will be appointed counsel to assist him in this litigation. (*See id*. at 1-2.)

Plaintiff's application for court-appointed counsel (dkt. # 12) does not contain any argument in support of his request for an attorney. Plaintiff does, however, offer some support for his request in his letter requesting an extension of time. In particular, Plaintiff asserts that he has no legal experience, but he knows his rights have been violated and he is simply "having trouble conveying it correctly or putting it in the right words." (Dkt. # 11 at 1.) Plaintiff also submitted with his current requests for relief a document entitled "Merits of Claim" in which he sets forth the substance of the claims he is attempting to assert in this action. (Dkt. # 13.)

With respect to Plaintiff's request for court-appointed counsel, Plaintiff is advised that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

While Plaintiff insists that his rights have been violated, there is simply insufficient information in the record at this juncture for the Court to be able to assess whether Plaintiff is likely to succeed on the merits of his constitutional claims. As to Plaintiff's ability to articulate his claims without the assistance of counsel, Plaintiff has thus far demonstrated an ability to

identify the legal and factual bases of his claims without the assistance of counsel. Plaintiff's primary difficulty in setting forth viable claims for relief has been identifying proper Defendants.

In his amended complaint, Plaintiff attempted to allege claims against the City of Seattle and King County. (*See* dkt. # 9.) However, as the Court explained in its Order declining to serve the amended pleading, Plaintiff's claims appear to implicate the conduct of specific employees of the Seattle Police Department and the King County Jail, and not the policies or customs of the entities themselves. (*See* dkt. # 10.) Plaintiff indicates that he is currently attempting to identify the Seattle Police Officer whose conduct is at issue in this action. (*See* dkt. # 11.) And, because Plaintiff remains in King County custody at this time, he presumably has access to kites, grievances, or other records that will allow him to identify the members of the King County corrections staff and/or medical staff who are responsible for the alleged denial of an adequate diet and the multi-vitamins Plaintiff claims are necessary to maintain his health.

Based on the current record, the Court concludes that Plaintiff has not demonstrated his case involves exceptional circumstances warranting the appointment of counsel. Plaintiff has, however, demonstrated that an extension of time is warranted to permit him to identify the proper Defendants and to prepare his second amended complaint.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's application for court-appointed counsel (dkt. # 12) is DENIED.

(2) Plaintiff's motion for an extension of time to file his second amended complaint (dkt. # 11) is GRANTED. Plaintiff is directed to file his second amended complaint not later than ***November 2, 2023***.

(3) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Richard A. Jones.

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL AND
GRANTING EXTENSION OF TIME - 3

DATED this 2nd day of October, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge